Grant R. Clayton (Utah State Bar No. 4552)
Elizabeth A. Call (Utah State Bar No. 15104)
**CLAYTON HOWARTH, P.C.**
6975 Union Park Center, Suite 600
Cottonwood Heights, Utah  84047
P.O. Box 1909
Sandy, Utah 84091
Telephone: (801) 255-5335


Attorneys for Plaintiff,
TOPMOSTAWARDS, LLC

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| TOPMOSTAWARDS, LLC, | ) | |
| | ) | |
| | ) | **COMPLAINT FOR** |
| Plaintiff, | ) | **DECLARATORY JUDGMENT** |
| | ) | |
| vs. | ) | Civil No.:  2:18-cv-00966-TC |
| | ) | |
| TOPMOST WORLD, INC., | ) | Judge: Tena Campbell |
| | ) | |
| Defendants. | ) | |

---

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff TOPMOSTAWARDS, LLC (hereinafter sometimes referred to as "TopMostAwards" or "Plaintiff"), by and through counsel, and hereby states and alleges the following in support of this Complaint for Declaratory Judgment against TOPMOST WORLD, INC. (hereinafter referred to as "TWI" or "Defendant"):

## PARTIES

1.      Plaintiff TopMostAwards, LLC is a Utah limited liability company, having its principal place of business located at 7969 South Farm Creek Circle, Sandy, Utah 84093, and is involved in the retail sale of awards and plaques, including glass and crystal awards.

2.      Upon information and belief, Defendant Topmost World, Inc. is a California corporation having its principal place of business located at 4629 E State Street, Montclair, California 91763, and is involved as a supplier and in wholesale of PRISM™ brand crystal including gifts, plaques and gifts.

## JURISDICTION

3.      This cause of action is for a declaratory judgment of non-infringement of alleged copyright(s) and trademark(s) asserted against Plaintiff by Defendant TWI pursuant to 28 U.S.C. § 2201(a) and 2202 and including that Plaintiff's actions, including the retail sale of awards and plaques, including glass and crystal awards has not and does not violate any rights possessed by Defendants, and particularly, any rights possessed by Defendants under the Copyright Act, 17 U.S.C. § 101, *et seq.*, the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*, and the Lanham Act, 15 U.S.C. § 1125, *et seq.*

4.      Subject matter jurisdiction for this declaratory judgment action lies under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over the Defendants in that, upon information and belief, Defendant TWI has directly, or through agents or licensees, transacted business and sold products or services  within the State of Utah pursuant to UTAH CODE ANN. § 78-27-24, and has otherwise had continuous and systematic contact with the state of Utah, and venue is proper

2

in this District pursuant to 28 U.S.C. § 1391. Furthermore, pursuant to *Jack Henry & Associates, Inc., et al. v. Plano Encryption Technologies LLC*, 2016-2700 (Fed. Cir. Dec. 7, 2018), Defendant TWI's demand letter to Plaintiff TopMostAwards alleging that TopMostAwards is infringing Defendant TWI's trademarks, and other communications alleging infringement of U.S. Copyright Registration No. VA 1-250-156, all directed to the State of Utah, also gives the Utah District Court personal jurisdiction over Defendant TWI.  Additionally, a substantial part of the events giving rise to Plaintiff's claims has occurred and will continue to occur in the District of Utah.

## GENERAL ALLEGATIONS

6.      Plaintiff TopMostAwards has an online retail awards website, topmostawards.com, where it sells awards including crystal awards.

7.      Defendant TWI has an online distribution and wholesale website, topmost.com, where Defendant TWI showcases awards, gifts and crystal under the brand name PRISM™ that are available for distribution.

8.      Defendant TWI demanded Plaintiff TopMostAwards to immediately stop using TopMostAwards, alleging it was infringing on TWI's trademarks.

9.      Defendant TWI demanded Plaintiff TopMostAwards to stop selling or offering for sale Plaintiff's Shining Star Crystal Trophy, claiming the trophy was infringing on TWI's copyright registration VA 1-250-156.

10.     Plaintiff TopMostAwards acquired the rights to the Shining Star Crystal Trophy from its author Ting Wu in the People's Republic of China around August 10, 2018 for 2000 Chinese Yuan ($291.68 United States dollars).

3

11.    Designer Ting Wu created the Shining Star Crystal Trophy around June 17, 2009, and had only very limited access to the internet.

12.    Ting Wu had no knowledge of TWI and did not have access to any works owned by TWI when she created the Shining Star Crystal Trophy.

13.    Defendant has alleged to have a valid copyright registration, VA 1-250-516, the Optical Crystal Rising Star Award ((#363) 9" H, created by Wilson Chang and who made the subject sculpture as a work made for hire for Topmost Designs, Inc. in 2003.

14.    Defendant's copyright registration VA 1-250-516 asserts a publication date of January 1, 2004.

15.    Defendant alleges that the work which is the subject of copyright registration VA 1-250-516 was copied by the Plaintiff in the making and selling of Plaintiff's Shining Star Crystal Trophy.

16.    Defendant has been unable to provided to Plaintiff the deposit or identifying material which accompanied VA 1-240-516.

17.    Defendant has provided Plaintiff an assortment of drawings allegedly representing materials similar to the deposit or identifying materials which accompanied copyright registration VA 1-250-516 but has not provided representations of the specific deposit or identifying materials.

18.    Plaintiff's Shining Star Crystal Trophy differs from the trophy described by Defendant as the sculpture registered as VA 1-240-516 including different base shapes, different widths, different stars, and different sides.

4

19.     Defendant TWI's trophy has a curved star on top of the trophy as shown in the drawings provided to TopMostAwards.

20.     Plaintiff TopMostAwards' Shining Star Crystal Trophy has a straight star on top that is not curved.

21.     Defendant TWI's trophy, as shown in drawings provided by TWI to Topmost Designs, has no cutting edges along the star sides to the base.

22.     Plaintiff TopMostAwards' Shining Star Crystal Trophy has two deep side cutting edges along the star sides all the way to the base.

23.     On or about October 18, 2018, and on later dates, Defendant TWI has conveyed communications threatening judicial action if Plaintiff TopMostAwards did not immediately meet the demands of TWI.

24.     Plaintiff TopMostAwards has been attempting to arrive at a negotiated settlement with Defendant TWI.

25.     On or about November 21, 2018, Mr. Stephen Moses, counsel for Defendant TWI, dispatched a communication threatening suit if Plaintiff TopMostAwards did not meet TWI's demands which then included a claim that TopMostAwards was infringing on TWI's copyright VA 1-250-516.

26.     An actual case or controversy exists between the parties inasmuch as Defendant TWI, through its counsel, has dispatched communications, including the November 21, 2018 communication, accusing Plaintiff of both trademark and copyright infringement.

27.     Plaintiff TopMostAwards has commenced this lawsuit to establish noninfringment of Defendant TWI's copyright and trademarks and to protect itself against substantial injury to its business and reputation that may result from Defendant's claims.

28.     On information and belief, Defendant will, unless restrained by this Court, continue to make threats and accusations against Plaintiff. Such threats are entirely improper, unsupported and unenforceable by Defendants.

29.     Plaintiff has no adequate remedy at law and thus seeks the declaratory relief requested herein.

COUNT I
NON-INFRINGEMENT OF TRADEMARK

30.     Plaintiff TopMostAwards realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 29 above.

31.     Any claim that Plaintiff's mark, TopMostAwards is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the user with Defendant's alleged TOPMOST WORLD mark including in business and the sale of products, under the Trademark Laws of the United States, 15 U.S.C. §1051 *et seq*. and the Lanham Act, 15 U.S.C. § 1125, *et seq*. is factually and legally unsupportable.

32.     Pursuant to the seminal case of *In re E.I. Du Pont de Nemours & Co.*, 476 F.2d 1357 USPQ 563 (C.C.P.A. 1973), a determination of a lack of confusing similarity includes an analysis of 13 factors, namely: (1) the similarity and dissimilarity of the marks in their entireties as to appearance, sound, connotation, and commercial impression; (2) the similarity or dissimilarity and nature of the goods as described in an application or registration or in

connection with which a prior mark is in use; (3) the similarity or dissimilarity of established,

likely-to-continue trade channels; (4) the conditions under which and buyers to whom sales are

made, i.e. "impulse" vs. careful, sophisticated purchasing; (5) the fame of the prior mark; (6) the

number and nature of similar marks in use on similar goods; (7) the nature and extent of any

actual confusion; (8) the length of time during and the conditions under which there has been

concurrent use without evidence of actual confusion; (9) the variety of goods on which a mark is

or is not used; (10) the market interface between the applicant and the owner of a prior mark;

(11) the extent to which applicant has a right to exclude others from use of its mark on its goods;

(12) the extent of potential confusion; and (13) any other established fact probative of the effect

of use.[1]  While each of the above factors may be relevant in a given case, not all factors must be

considered in every case.[2]  Further, each factor may play a more dominant role depending upon

the facts of a particular case.[3]

33.     In the present case, the relevant factors that determine there is no likelihood of

confusion include (1) the dissimilarity of TWI's TOPMOST WORLD mark and Topmost

Award's TopMostAwards mark, when viewed in their entireties as to sound, appearance,

connotation and appearance, (2) the conditions under which and buyers to whom sales are made

are different and careful, sophisticated purchasing, (3) the dissimilarity of trade channels used by

TWI (wholesale and distribution) and TopMostAwards (retail sales) respectively, (4) the

dissimilarity of the conditions of sale, namely wholesale for TWI and retail for TopMostAwards,

---

[1]     *In re E.I. Du Pont de Nemours & Co.*, 476 F.2d 1357, 177 USPQ 563 (C.C.P.A. 1973).

[2]     *See Id.*

[3]     *Id.*

(5) the lack of known confusion, and (6) the similarities between the goods sold by TWI and

TopMostAwards, that when viewed in the context of the totality of the conditions of sale,

including that TWI sells its goods under the PRISM™ mark, lead to a conclusion that there is no

likelihood of confusion between TWI's TOPMOST WORLD mark and Topmost Award's

TOPMOST AWARDS mark. All pertinent factors, when viewed in the totality of circumstances,

lead to a conclusion that there is no likelihood of confusion between TOPMOST WORLD and

TOPMOST AWARDS.

34.     A judicial declaration is necessary and appropriate at this time and under the

circumstances in order that Plaintiff TopMostAwards may fully understand and appreciate the

legal ramifications of its business practices and govern its future activities accordingly.  Without

such a declaration, Defendant TWI is likely to file a trademark infringement claim and in so

doing, irreparably harm Plaintiff TopMostAwards's business and reputation.

COUNT II
NON-INFRINGEMENT OF COPYRIGHT

35.     Plaintiff TopMostAwards realleges and incorporates by reference, as if fully set

forth herein, the allegations contained in Paragraphs 1 through 34 above.

36.     Any claim that Plaintiff has made unauthorized reproductions, copies and use of

Defendant's alleged copyrighted work, or any other works under the Copyright Act, 17 U.S.C.

§101, *et seq.*, is factually and legally unsupportable.

37.     A judicial declaration is necessary and appropriate at this time and under the

circumstances in order that Plaintiff TopMostAwards may fully understand and appreciate the

legal ramifications of its business practices and govern its future activities accordingly.  Without

such a declaration, Defendant TWI is likely to file a copyright infringement claim and in so doing, irreparably harm Plaintiff TopMostAwards's business and reputation.

COUNT III<br>NON-WILLFUL INFRINGEMENT OF COPYRIGHT

38.     Plaintiff TopMostAwards realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 37 above.

39.     Any claim that Plaintiff has willfully infringed Defendant's alleged copyrighted work, or any other works under the Copyright Act, 17 U.S.C. §101, *et seq.*, is factually and legally unsupportable.

40.     A judicial declaration is necessary and appropriate at this time and under the circumstances in order that Plaintiff TopMostAwards may fully understand and appreciate the legal ramifications of its business practices and govern its future activities accordingly.  Without such a declaration, Defendant TWI is likely to file a claim for willful copyright infringement and in so doing, irreparably harm Plaintiff TopMostAwards's business and reputation.

COUNT IV<br>COPYRIGHT ACTION INVALID AS COPYRIGHT INVALID

41.     Plaintiff TopMostAwards realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 40 above.

42.     Any claim that Plaintiff has infringed Defendant's alleged copyrighted work, or any other works under the Copyright Act, 17 U.S.C. §101, *et seq.*, with respect to TopMostAward's Shining Star Crystal Trophy is invalid as Plaintiff's Shining Star Crystal Trophy does not infringe on Defendant's copyright and/or Defendant's copyright is invalid as it

is a work that lacks sufficient original authorship based on its commonplace star and cylindrical shape. It therefore cannot be infringed as it lacks originality.

43.     A judicial declaration is necessary and appropriate at this time and under the circumstances in order that Plaintiff TopMostAwards may fully understand and appreciate the legal ramifications of its business practices and govern its future activities accordingly.  Without such a declaration, Defendant TWI is likely to file a claim for copyright infringement beyond the permitted statute of limitations and in so doing, irreparably harm Plaintiff TopMostAwards's business and reputation.

COUNT V
NON-VIOLATION OF PROPRIETARY RIGHTS

44.     Plaintiff TopMostAwards realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 43 above.

45.     Any claim that Plaintiff has violated any of Defendant's proprietary rights, including but not limited to trademark rights, trade dress rights, patent rights, trade secret rights, common law rights, contractual rights, or rights arising from tort causes of action, is factually and legally unsupportable.

46.     A judicial declaration is necessary and appropriate at this time and under the circumstances in order that Plaintiff TopMostAwards may fully understand and appreciate the legal ramifications of its business practices and govern its future activities accordingly.  Without such a declaration, Defendant TWI is likely to file a claim for violation of its proprietary rights and in so doing, irreparably harm Plaintiff TopMostAwards's business and reputation.

<u>COUNT VI</u>
<u>NON-VIOLATION OF UNFAIR COMPETITION LAWS</u>

47.     Plaintiff TopMostAwards realleges and incorporates by reference, as if fully set forth herein, the allegations contained in Paragraphs 1 through 46 above.

48.     Any claim that Plaintiff has violated any of Defendant's rights under unfair Competition laws, including Utah's Unfair Competition Law, Utah Code 13-5a and California's "Unfair Competition" Law (Business & Professions Code 17200 – 17209), is factually and legally unsupportable.

49.     A judicial declaration is necessary and appropriate at this time and under the circumstances in order that Plaintiff TopMostAwards may fully understand and appreciate the legal ramifications of its business practices and govern its future activities accordingly.  Without such a declaration, Defendant TWI is likely to file a claim for violation of its rights under unfair competition laws and in so doing, irreparably harm Plaintiff TopMostAwards's business and reputation.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff TopMostAwards prays that this Court:

A.     Declare that Plaintiff's actions do not violate any TOPMOST WORLD trademarks Defendant may have;

B.     Declare that Plaintiff's actions do not violate any copyrights Defendant may have;

C.     Declare that Plaintiff's actions do not violate any proprietary rights, or any other rights Defendant may have;

D.    Declare that Plaintiff's actions do not violate any unfair competition laws, or any other rights Defendant may have under those laws;

E.    Order Defendant to cease and desist from any threats of litigation or other actions calculated to challenge Plaintiff's rights; and,

F.    Award Plaintiff other and further relief as the Court deems just and equitable.

DATED this 21st day of December, 2018.

                              Respectfully Submitted,

                              CLAYTON HOWARTH, PC

                               /Grant R. Clayton/
                              Grant R. Clayton
                              Elizabeth A. Call

                              CLAYTON HOWARTH, P.C.
                              P.O. Box 1909
                              Sandy, Utah 84091-1909
                              Telephone: (801) 255-5335
                              Attorneys for Plaintiff


S:\CHC Files\T13--\T134\T13420\1\Pleadings\DJ_Complaint.wpd